**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| ANTHONY RICHARD DANIELS, )<br>ID # 1691236, )<br>      Petitioner, )<br>vs. )<br>)<br>WILLIAM STEPHENS, Director, )<br>Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>      Respondent. ) | No. 3:14-CV-1032-M (BH)<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings, evidence and applicable law, the petition for habeas corpus relief should be denied as barred by the statute of limitations.

**I. BACKGROUND**

The petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is William Stephens, Director of TDCJ-CID.

On December 20, 2010, the petitioner pled guilty to, and was convicted of, injury to a child in Cause No. F09-50080 in the 282nd District Court in Dallas County, Texas, and was sentenced to forty-five years' imprisonment. (Petition (Pet.) at 2-3; *see also* www.tdcj.state.tx.us, search petitioner's inmate records). He appealed his conviction and sentence, and the Fifth District Court of Appeals affirmed both in an unpublished opinion on November 2, 2011. *Daniels v. State*, No. 05-11-00044-CR, 2011 WL 5178340 (Tex. App. – Dallas, Nov. 2, 2011, no pet.). He did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals.

The petitioner mailed a state writ challenging his conviction on January 19, 2013, it was

denied on its merits without a written order on April 10, 2013, and a motion for reconsideration was denied on July 8, 2013. (Pet. at 4); *see also Ex parte Daniels*, No. WR-79,261-01 (Tex. Crim. App. July 8, 2013). He mailed his federal petition on March 12, 2014. (Pet. at 10).

## II. STATUTE OF LIMITATIONS

### A. Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because the petition in this case was filed after its effective date, the Act applies.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Here, the petitioner has not alleged a state-created impediment (subparagraph (B)) that prevented him from filing his federal petition or any new constitutional right (subparagraph (C)). The one-year statute of limitations is therefore calculated from the latest of the date his conviction became final (subparagraph (A)) or the date on which he knew or should have known with the

2

exercise of due diligence the facts supporting his claims (subparagraph (D)). Because the petitioner did not file a PDR with the Court of Criminal Appeals, his state conviction became final for purposes of § 2244(d) by the expiration of the thirty-day time frame for seeking further review after his conviction was affirmed on direct appeal, on December 2, 2011. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires"). The facts supporting the petitioner's claims became known or could have become known prior to the date his conviction became final. He claims that his trial counsel was ineffective for failing to seek a competency examination based on the petitioner's prior diagnosis of a mental disorder. He submits a Department of the Navy document indicating that he was discharged from the Navy in 2005 because he was diagnosed with an antisocial personality disorder, as well as affidavits from his mother and grandfather stating that they spoke to the petitioner's attorney about his mental health. (Mem. at 6-7, 12-13). Because the petitioner filed his federal petition more than one year after this date, a literal application of § 2244(d)(1) renders his March 12, 2014, federal petition untimely.[1]

**B. Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). The one-year statute of limitations expired on December 2, 2012. The petitioner

---

[1] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

3

filed his state writ over one month later, on January 19, 2013.[2] The statutory tolling provision does not save the federal petition.

Nevertheless, the AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 130 S.Ct. at 2562, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

---

[2] *See Richards v. Thaler*, 710 F.3d 573, 577 (5th Cir. 2013) (holding that *pro se* inmate state post-conviction pleadings are deemed filed at the time they are delivered to prison authorities).

Here, the petitioner has presented no argument or evidence that he was prevented from filing either his state writ or his federal petition earlier. He waited over a year after his conviction was final before filing his state writ challenging his conviction, and he then waited another eight months after his state writ was denied before filing his federal habeas petition. He has not shown that he has acted diligently in pursuing his rights or that some extraordinary circumstance, such as being misled by the State, prevented him from timely filing his federal petition. The petitioner has therefore failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations.

Recently, in *McQuiggen v. Perkins*, 133 S.Ct. 1924 (2013), the Supreme Court held that a plea of actual innocence could overcome the one-year statute of limitations under the AEDPA, even in circumstances where equitable tolling is not appropriate because a petitioner has not exercised due diligence in pursuing his claim. It held that in order to be entitled to this exception to the statute of limitations, however, a federal habeas petitioner must present a convincing claim of actual innocence. *Id.* at 1934-35. The petitioner does not assert that he is actually innocent of injury to a child. Therefore, his federal petition is barred by the statute of limitations.

### III. RECOMMENDATION

The Court should find the petition for habeas corpus relief barred by the statute of limitations and **DENY** it with prejudice.

**SO RECOMMENDED on this 22nd day of April, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE